UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA JOYCE DAVIS,

        Plaintiff,

v.

WAYNE STATE UNIVERSITY,

        Defendant.
                               /

Case No. 11-10324

Honorable Patrick J. Duggan

## **OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on May 5, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

On January 26, 2011, Brenda Davis ("Plaintiff") filed this *pro se* action, alleging discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*[1] Before the Court is a motion to dismiss filed by Wayne State University ("Defendant") on March 7, 2011 pursuant to Federal Rule of Civil Procedure 12(b)(6). Also before the Court is Plaintiff's "Motion to Proceed and Request for Modification of Claims," filed on April 12, 2011. On May 4, 2011, the Court notified

---

[1] While Plaintiff only checked the "race" and "ADA-defined disability" boxes on page two of her Complaint, the Court notes that her "Civil Cover Sheet" lists the applicable causes of action as Title VII, ADA, and FMLA.

the parties that it was dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons stated below, the Court grants Plaintiff's motion and defers consideration of Defendant's motion.

## I. Background

Plaintiff was at one time employed by Defendant as a case manager and research assistant for the Karmanos Cancer Institute's Breast and Cervical Cancer Control Program. Her job duties included data collection and entry, as well as making reminder phone calls to patients. Plaintiff apparently suffered from carpal tunnel syndrome and arthritis. She underwent treatment and physical therapy for these conditions, and subsequently returned to work. Plaintiff was apparently dismissed from her employment sometime later. She filed complaints with the Michigan Department of Civil Rights and the Equal Employment Opportunity Commission. After both agencies dismissed her complaints, Plaintiff filed this action in the Eastern District of Michigan.

On March 7, 2011, Defendant moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff's allegations are mere conclusions that are insufficient to state a valid claim for relief. Defendant contends that Plaintiff has failed to set forth the elements of a prima facie case of race or disability discrimination under federal law.

Plaintiff did not file a response to Defendant's motion, but on April 12, 2011, filed a "Motion to Proceed and Request for Modification of Claims." In her motion, Plaintiff states that three attorneys have been unwilling to represent her because they concluded that she could not prove discrimination based on race. She claims that at least one of these

attorneys stated that she might have a valid FMLA claim.  Plaintiff seeks to amend her charge to include the FMLA violation, as well as "to let stand my charge of discrimination based on disability."  Pl.'s Mot. 4.

## II. Discussion

The Court first considers Plaintiff's motion, which it construes as a motion to amend the Complaint pursuant to Federal Rule of Civil Procedure 15(a).  Federal Rule of Civil Procedure 15(a)(1)(B) provides that a party may amend its pleading once as a matter of course within twenty-one days after service of a motion under Rule 12(b), (e), or (f).  Otherwise, a party may amend only with the opposing party's written consent or the court's leave, but "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Courts have discretion in granting leave to amend.  *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962).  "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject for relief, he ought to be afforded an opportunity to test his claim on the merits."  *Id.*  In the absence of any apparent or declared reason, such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment, leave to amend should be freely given.  *Id.*

Plaintiff did not file her motion to amend within twenty-one days after Defendant's Rule 12(b)(6) motion, as required by Federal Rule of Civil Procedure 15(a)(1)(B).  The Court concludes, however, that leave to amend is appropriately granted in this case. Plaintiff states that she did not respond quickly to Defendant's motion because she has been attempting to obtain legal representation.  Leave to amend does not appear futile, as

3

the Court has no reason to conclude that Plaintiff's FMLA claim is plainly meritless. There is no indication that Plaintiff has acted in bad faith or to cause unnecessary delay, and Defendant will not be unduly prejudiced by granting leave to amend. The Court therefore grants Plaintiff's motion. The Court reminds Plaintiff that the Federal Rules of Civil Procedure require parties to state their allegations and claims in numbered paragraphs so that their adversaries may respond to each. *See* Fed. R. Civ. P. 10.

Because the Court has granted Plaintiff's motion to amend, Defendant's motion to dismiss is appropriately deferred pending the filing of an amended Complaint. Of course, if Defendant wishes, it may file an updated motion to dismiss in response to any amended Complaint.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to amend the Complaint is **GRANTED**. Plaintiff is granted leave to file an amended Complaint within **twenty-one (21) days** of the date of this order;

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss is **DEFERRED** pending the filing of an amended Complaint or expiration of the twenty-one day period set forth above.

                                          s/PATRICK J. DUGGAN
                                          UNITED STATES DISTRICT JUDGE

Copies to:

Brenda Joyce Davis
20521 Archdale
Detroit, MI 48235

Amy Stirling Lammers, Esq.

4