UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA JOYCE DAVIS,

    Plaintiff,

v.

WAYNE STATE UNIVERSITY,

    Defendant.
                                           /

Case No. 11-10324

Honorable Patrick J. Duggan

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on_July 15, 2011.

    PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                           U.S. DISTRICT COURT JUDGE

In this *pro se* action, Brenda Davis ("Plaintiff") alleges employment discrimination and retaliation in violation of federal law. On April 12, 2011, Plaintiff filed a motion to amend her Complaint, asserting that she also had claims arising under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.* The Court granted this motion, and Plaintiff filed amendments[1] to her Complaint on May 26, 2011. Before the Court is a motion to dismiss the Complaint filed by Wayne State University ("Defendant")

---

[1] Although it is not entirely clear, Plaintiff's filing appears to incorporate by reference her previously filed Complaint. This is not permitted, *see* Eastern District of Michigan Local Rule 15.1, but the Court shall address the Complaint's merits, as it finds that Plaintiff's allegations are nonetheless insufficient to state a claim for relief.

on June 16, 2011 pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has indicated to the parties that it was dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). For the reasons stated below, the Court grants Defendant's motion.

## I. Factual and Procedural Background

This action arises from Defendant's termination of Plaintiff's employment. Plaintiff worked as an Case Management Assistant at the Barbara Ann Karmanos Cancer Institute, a cancer treatment center affiliated with Wayne State University. Plaintiff's job required her to perform data entry.

During April 2008, Plaintiff had carpal tunnel repair surgery on her right hand. She returned to work but later experienced pain in her hand. Plaintiff took intermittent leave to attend physical therapy, and this was to some degree successful in alleviating her pain. Plaintiff alleges that after her surgery, she occasionally took time off due to continuing pain, but each time she returned with a doctor's note.

Plaintiff further alleges that she was requested to complete the work of her coworker, Pamela Conley. Plaintiff asserts that Conley worked in the office only two days per week, working from home on other days. Plaintiff contends that this arrangement persisted for many years and that other employees were unable to obtain such flexible schedules. She contends that Conley was unable to complete her own work because she took excessive time off for personal reasons. Plaintiff believes that Defendant treated her unfairly by asking her to complete Conley's work.

Plaintiff's employment was terminated during August 2010. She filed discrimination

charges with the Michigan Department of Civil Rights ("MDCR") and the United States Equal Employment Opportunity Commission ("EEOC"). The MDCR dismissed her charge, sending Plaintiff an Order of Dismissal on September 21, 2010. The EEOC closed Plaintiff's case and issued her a right-to-sue letter on November 1, 2010. The EEOC indicated that it had adopted the findings of the state agency that investigated her charge.

Plaintiff timely filed this action on January 26, 2011, asserting claims of employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.* Defendant moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In response, Plaintiff sought to amend her Complaint to add what she believes is a viable claim under the FMLA and dismiss the Title VII claim. The Court granted leave to amend, and Plaintiff filed amendments to her Complaint on May 26, 2011. Defendant renewed its motion to dismiss, arguing that Plaintiff's amended Complaint fails to state a viable claim for relief.

## II. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Supreme Court recently provided in *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.

3

Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. In conducting this analysis, the Court may consider the pleadings, exhibits attached thereto, and documents referred to in the complaint that are central to the plaintiff's claims. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

### III. Discussion

**A. Plaintiff's ADA Claim**

Plaintiff believes that she has been discriminated against on the basis of a disability,

4

in violation of the ADA. The statute bars "discriminat[ion] against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

Plaintiff has not presented direct evidence of discrimination, but instead attempts to prove her case through indirect evidence. To establish a prima facie case of disability discrimination, a plaintiff must show that: (1) she is disabled; (2) she is otherwise qualified for the position, with or without reasonable accommodation; (3) she suffered an adverse employment decision; (4) the employer knew or had reason to know of the plaintiff's disability; and (5) the position remained open while the employer sought other applicants or the disabled individual was replaced. *Whitfield v. Tennessee*, 639 F.3d 253, 258-59 (6th Cir. 2011). "[O]nce a plaintiff makes out a prima facie case, the burden shifts to the defendant to articulate a non-discriminatory explanation for the employment action." *Id.* at 259. "[I]f the defendant does so, the burden shifts back to the plaintiff to prove that the defendant's explanation is pretextual." *Id.*

The Court is mindful of its obligation to construe *pro se* pleadings liberally, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972), but concludes that Plaintiff's allegations are insufficient to state a plausible claim of disability discrimination. Plaintiff has not satisfied the elements of her *prima facie* case, as she has not alleged that Defendant sought other applicants for her position or replaced her. Plaintiff appears to allege that Defendant has since required other employees to maintain a greater level of

5

compliance with its policies, but there is no indication that Defendant ever acted to fill Plaintiff's former position. Furthermore, even if Plaintiff could establish her *prima facie* case, the Complaint's allegations provide a non-discriminatory explanation for the employment action. Plaintiff alleges that she was told by the Medical Director, Dr. Burack, that her position was going to be eliminated because of "budget cuts from the state." Compl. at 6. Plaintiff believes that this reason was pretextual and that her supervisors conspired to have her terminated. Plaintiff, however, has failed to allege any facts supporting this conclusion; such beliefs are plainly insufficient to state a plausible claim of disability discrimination. Thus, even accepting Plaintiff's allegations as true, this Court cannot conclude that Defendant's termination of Plaintiff's employment violated the ADA.

**B. Plaintiff's FMLA Claim**

Plaintiff also contends that Defendant violated her rights under the FMLA. Again, she appears to rely on indirect evidence to support her claim. Such claims are evaluated using the same burden-shifting framework outlined above. *Bryson v. Regis Corp.*, 498 F.3d 561, 570 (6th Cir. 2007).

The Sixth Circuit recognizes two distinct theories of recovery under the FMLA. The "interference" theory prohibits an employer's interference with an employee's exercise of FMLA rights. *Id.* The "retaliation" theory prohibits discharge of or discrimination against an employee for "opposing any practice made unlawful by" the statute. *Id.* It is unclear which theory Plaintiff relies upon, but the Court concludes that her allegations fail to state a plausible claim under either theory.

6

**1. Retaliation Theory**

A plaintiff makes a prima facie case of retaliation under the FMLA by showing that: (1) she engaged in a statutorily protected activity; (2) she suffered an adverse employment action; and (3) there was a causal connection between the adverse employment action and the protected activity. *Id.* (citing *Skrjanc v. Great Lakes Power Serv. Co.*, 272 F.3d 309, 314 (6th Cir. 2001)).

Plaintiff has not made her *prima facie* case, as she has not pleaded facts from which the Court can infer a causal connection between protected activity and her termination. Plaintiff points to a July 2010 performance review citing attendance issues, arguing that this establishes the connection between her exercise of FMLA rights and her termination. Plaintiff's allegations, however, indicate that her absences were not FMLA-protected. Although Plaintiff alleges that she always obtained a doctor's note when using sick time, she also admits to concealing the medical reason for her absences. For example, Plaintiff allegedly missed work in early April 2010 due to pain in her hands. Am. Compl. ¶ 7. Plaintiff explains that she had the doctor leave the reason for her absence off the note "because I could tell that Mrs. Tillmon got an attitude with me when I called off, and I didn't want her to start encouraging me to set up a meeting with human resources." *Id.* To invoke the FMLA's protections, an employee must provide notice and a qualifying reason for requesting the leave. *Walton v. Ford Motor Co.*, 424 F.3d 481, 486 (6th Cir. 2005). "'The critical question is whether the information imparted to the employer is sufficient to reasonably apprise it of the employee's request to take time off for a serious health condition.'" *Id.* (quoting *Brohm v. JH Props., Inc.*, 149 F.3d 517, 523 (6th Cir.

1998)). Plaintiff failed to provide her employer with any reason to believe that her absences in early 2010 were FMLA-protected. Thus, the attendance comment on the July 2010 performance review cannot demonstrate a link between FMLA-protected activity and Plaintiff's termination. It is unclear whether Plaintiff provided documentation regarding her earlier absences. Even if they were protected, Plaintiff has not pleaded facts sufficient to infer that these absences caused her termination. Because Plaintiff has not alleged facts establishing the necessary causal connection, the Court concludes that she has failed to state a plausible FMLA retaliation claim.

**2. Interference Theory**

Plaintiff has also failed to allege facts sufficient to prevail on an interference claim under the FMLA. To succeed on such a claim, a plaintiff must demonstrate that: (1) she was an eligible employee; (2) the defendant was an employer as defined under the FMLA; (3) the employee was entitled to leave under the FMLA; (4) the employee gave the employer notice of her intention to take leave; and (5) the employer denied the employee FMLA benefits to which she was entitled. *Id.* at 485. Plaintiff has not alleged that she was denied any request for leave after notifying her employer. Rather, she appears to claim that Defendant interfered with her rights by refusing to recognize her absences as protected under the FMLA. As noted above, Plaintiff did not provide Defendant with notice of a qualifying reason for requesting FMLA leave. Because such requests fail to invoke the statute's protections, *see Walton*, 424 F.3d at 486, the Court cannot conclude that Defendant interfered with Plaintiff's FMLA rights by failing to recognize her absences as protected.

## IV. Conclusion

The federal courts do not provide redress for every employment grievance. Plaintiff may or may not have been treated unfairly by Defendant, but the Court concludes that her allegations do not state plausible claims for relief under federal employment law. Her claims must therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is **GRANTED**.

                                              s/PATRICK J. DUGGAN
                                              UNITED STATES DISTRICT JUDGE

Copies to:

Brenda Davis
20521 Archdale
Detroit, MI 48235

Amy Stirling Lammers, Esq.